**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JAMES ROBERT SERENA,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>Defendant. | Case No. 2:26-cv-01215-NR |

**<u>DECLARATION OF ROBERT J. WILKINS</u>**

I, Robert J. Wilkins, solemnly swear and affirm as follows:

1. I am a Vice President and Business Analysis Manager with JPMorgan Chase Bank, N.A. My responsibilities include accessing Chase's account records and reviewing those account records when asked to do so for business and litigation purposes.

2. I have personally reviewed Chase's account records relating to James Robert Serena's consumer checking account.

3. This declaration is based on my personal knowledge, my review of these business records, and on information and belief. I am more than 18 years old and am competent to testify.

4. I submit this declaration in support of Chase's Opposition to Plaintiff's Motion for Civil Contempt, Sanctions, and to Strike Defendant's Prospective Answer (the "Motion").

5. Chase furnishes information concerning its customers' checking accounts to Early Warning Systems, LLC ("EWS"), and EWS uses that account information to inform Chase account holders' credit reports.

6. By June 5, 2026, Chase had taken the following steps to cease any negative reporting regarding Mr. Serena's consumer checking account:

(a) Placing a reporting suppression on Mr. Serena's consumer checking account, which suppressed reporting of Mr. Serena's account to EWS. At the time Chase put this suppression in place, Chase had only been reporting Mr. Serena's account as an active, open account, so that was the only information available to suppress.

(b) Instructing EWS to cease any reporting on Mr. Serena's account.

7. On June 11, 2026, Chase "charged off" Mr. Serena's account. This accounting determination meant that Mr. Serena's account was no longer in EWS's active, open category of account reporting and so it was not part of Chase's prior suppression. The charge off account determination automatically triggered the reporting of the account to EWS's charge off category of account reporting. This reporting was the result of automatic processes and not any specific action or inaction by a Chase employee.

8. Once Chase learned that Mr. Serena's account was being reported in EWS's charge off category of account reporting, it immediately suppressed that reporting and any future reporting of the account.

9. On June 26, 2026, Chase caused EWS to cease reporting on Mr. Serena's account, the deletion of EWS's prior reporting, and the deletion of Mr. Serena's account from EWS's record.

10. On June 29, 2026, EWS confirmed that they were no longer reporting on the account.

11. Had Chase known EWS was still reporting on Mr. Serena's account before June 25, 2026, Chase would have taken steps to stop the reporting.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed on: 7-24-26

Robert J. Wilkins